UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. 1:10-cv-01573-TWP-DML |
| | ) | |
| CHARLES D. PUMPHREY, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON MOTION FOR SUMMARY JUDGMENT

On December 7, 2010, the United States of America ("Government") filed suit against

Defendant Charles D. Pumphrey, based on Pumphrey's failure to pay his student loan debt.

Pumphrey answered the Government's complaint by denying all of the Government's

substantive allegations and raising an affirmative defense that he "has consolidated certain

student loans and believes the debts at issue in this matter have been paid or otherwise satisfied."

(Dkt. 11 at 1-2). Pumphrey also noted that "[d]uring calendar year 2009 [he] was involved in a

potentially fatal motorcycle accident and this affected [his] ability to resolve matters related to

student loan debt." (Dkt. 11 at 2). On November 22, 2011, the Government filed a motion for

summary judgment, to which Pumphrey did not respond.

To prevail on a claim of a defaulted student loan, the Government must show that: (1)

Pumphrey signed the promissory notes, (2) the Government is the present owner or holder of the

promissory notes, and (3) the promissory notes are in default. *See United States v. Lawrence*, 276

F.3d 193, 197 (5th Cir. 2001) (citation omitted). Here, the undisputed evidence shows that all

three elements are met. First, Pumphrey applied for and received several Direct Consolidation

Loans from the United States Department of Education, and Pumphrey signed promissory notes

to secure his loans. The loans were disbursed for $26,746.04 (on January 26, 1999), $12,421.34 (on March 22, 1999), and $72,679.96 (on February 29, 2008). Second, the Government still holds or owns the Notes. Third, Pumphrey has not paid any money toward the loans, meaning he is in default. Because there are no genuine issues of material fact, summary judgment in the Government's favor is warranted. On this point, it is worth highlighting that the general denials contained in Pumphrey's answer are inadequate to stave off summary judgment. *See Union Oil Co. of California v. Leavell*, 220 F.3d 562, 566 (7th Cir. 2000) ("The [defendant's] current lawyer believes that denials in the answer to [the] complaint block summary judgment, but this misunderstands federal practice") (citing Fed. R. Civ. P. 56(e)).

The final issue relates to entry of final judgment. To avoid confusion as it relates to the balance of Pumphrey's student loan debt, the Court orders the Government to file a proposed final judgment by Friday, July 6, 2012.

SO ORDERED.   06/22/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Copies to:

John D. Manley
PUMPHREY & MANLEY
john@pumphreymanley.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov